**Electronically Filed
Intermediate Court of Appeals
30391
06-MAR-2013
09:41 AM**

NO. 30391

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
GERALD L. AUSTIN, Defendant-Appellant
and JOSEPH K. AUSTIN, Defendant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 07-1-1652)


MEMORANDUM OPINION
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Gerald L. Austin (**Austin**) appeals from the Circuit Court of the First Circuit's (**Circuit Court's**) March 3, 2010 order denying Austin's motion for reduction of sentence.[1]

On July 2, 2008, the Circuit Court entered a judgment of conviction and probation sentence against Austin for robbery in the second degree in violation of Hawaii Revised Statutes (**HRS**) § 708-841 (1993 & Supp. 2011)[2] and sentenced Austin to a

---

[1]    The Honorable Richard K. Perkins presided.

[2]    HRS § 708-841 states, in relevant part:

> **§ 708-841  Robbery in the second degree.**  (1)  A person commits the offense of robbery in the second degree if, in the course of committing theft or non-consensual taking of a motor vehicle:
>        (a)    The person uses force against the person of anyone present with the intent to overcome that person's physical resistance or physical power of resistance[.]

five-year term of probation that included certain mandatory special terms and conditions including imprisonment for eighteen months.

Within approximately two months of his release from an eighteen month imprisonment, on June 18, 2009, Plaintiff-Appellee State of Hawai'i (**State**) moved to revoke Austin's probation due to his violation of certain terms and conditions of his probation. On October 28, 2009, the Circuit Court granted the State's motion, resentencing Austin to imprisonment for ten years. Austin did not appeal the resentencing order.

On January 26, 2010, Austin filed a Hawai'i Rules of Penal Procedure (**HRPP**) Rule 35 motion to reduce the sentence.[3/] The Circuit Court entered an order denying his motion on March 3, 2010. On March 18, 2010, Austin timely filed a notice of appeal.

On appeal, Austin raises a single point of error, contending that the Circuit Court abused its discretion in denying his motion to reduce the sentence under the circumstances here, principally because his probation violations were nonviolent and drug-related and that he should have been allowed to enter a drug treatment program rather than being sent (back) to prison.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Austin's point of error as follows:

---

[3/] HRPP Rule 35(b), entitled "Reduction of Sentence[,]" states in relevant part:

> The court may reduce a sentence within 90 days after the sentence is imposed . . . . A motion to reduce a sentence that is made within the time prior shall empower the court to act on such motion even though the time period has expired. The filing of a notice of appeal shall not deprive the court of jurisdiction to entertain a timely motion to reduce a sentence.

Austin does not argue, pursuant to HRPP 35(a), that his sentence was illegal or imposed in an illegal manner.

On June 18, 2009, the State moved to revoke Austin's probation because he had failed to: (1) report to his probation officer as instructed on June 3, 2009; (2) refrain from the possession and use of alcohol and illegal drugs as ordered by the Circuit Court; (3) obtain and maintain substance abuse treatment until clinically discharged as ordered by the Circuit Court; and (4) report for a review hearing on June 3, 2009.

At an August 19, 2009 hearing, the Circuit Court found that Austin had "inexcusably failed to comply with substantial conditions of his probation[.]" After Austin pleaded for a second chance, the Circuit Court continued the hearing until it could be determined whether Hawai'i's Opportunity Probation with Enforcement (**HOPE**) program[4] would accept Austin, explaining its reasoning:

> The Court: . . . You know, you've never made it under court supervision or parole supervision. Right. And, you know, I have serious doubts that you're going to make it here. I think the only way you're going to make anything is in something like the HOPE program. I try to run a review hearing kind of situation with you, but you don't even show up for the review hearing. Within two months --
>
> The Defendant: I'm sorry.
>
> The Court: -- of getting out of jail and you . . . you haven't committed a crime in a while because you have been in jail for 18 months. But within two months of getting out, you -- you quit reporting and you admit to doing drugs every day, drinking and doing drugs every day. Whenever you can find them, wherever you can find them, you'll do this. All right.
>
> . . .
>
> And, you know, at this point you're asking me to give you another chance. This is not a minor offense. This is robbery in the second degree. It's a ten-year felony. Without something like the HOPE program, I don't think you have any chance to comply. I don't think you're serious about complying. If you -- if you went out today, you'd go and do the same things you've always done --
>
> The Defendant: No, I won't.

---

[4] The Hawai'i State Judiciary website describes the HOPE program as a "high-intensity supervision program," aimed at reducing probation violations by drug offenders and others at high risk of recidivism. "HOPE Probation," Hawai'i State Judiciary, http://www.courts.state.hi.us/special_projects/hope/about_hope_pro bation.html (last visited Feb. 20, 2013).

The Court: -- drink, use drugs, and then eventually commit another crime as serious or more serious than this one. And that's my fear.

So this is what I'm going to do. I'm going to continue it for -- in the ordinary course, and I'm going to ask the probation office to refer your case to Judge Alm in the HOPE program. If he takes you, fine. If he doesn't, we'll come back and decide what we're going to do.

At a further hearing on October 28, 2009, the Circuit Court noted that Austin was denied admission into the HOPE program. Austin's counsel asked that the Habilitat drug rehabilitation program (**Habilitat**) be considered as an alternative to the HOPE program. However, finding that Austin "has inexcusably failed to comply with a substantial requirement of the Judgment setting forth the terms and conditions of probation[,]" the Circuit Court granted the State's motion to revoke Austin's probation and resentenced Austin to imprisonment for ten years, with credit for the time already served. The Circuit Court stated that: (1) Austin's robbery case was "a very serious offense" and "not the only one on record"; (2) he was "lucky to get probation the first time on this case" because his "record is bad"; (3) "within two months of leaving custody [he was] out there drinking and using drugs every single day"; (4) he was given "the opportunity to try to get into the HOPE project, and . . . they said no"; and (5) he would not be given "another shot at probation."

As noted above, Austin did not appeal from the October 28, 2009 order of resentencing, but rather, on January 26, 2010, he filed an HRPP Rule 35 motion to reduce his sentence "from ten years imprisonment to probation with a special condition that he enter Habilitat and remain there until clinically discharged[.]" After a hearing, the motion was denied.

On appeal, Austin argues that, pursuant to HRS § 706-625(7) (Supp. 2d.), he should have been resentenced to undergo and complete a substance abuse treatment program rather than

4

incarceration for ten years because his "nonviolent drug-related" probation violations evidenced the severity of his substance abuse problem and his need for treatment.

HRS § 706-625 provides, in relevant part:

> HRS § 706-625 **Revocation, modification of probation conditions.** (1) The court, on application of . . . the prosecuting attorney, . . . after a hearing, may revoke probation except as provided in subsection (7), reduce or enlarge the conditions of a sentence of probation, pursuant to the provisions applicable to the initial setting of the conditions and the provisions of section 706-627.
>
>    . . . .
>
> (3)   The court shall revoke probation if the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order or has been convicted of a felony.  The court may revoke the suspension of sentence or probation if the defendant has been convicted of another crime other than a felony.
>
>    . . . .
>
> (5) When the court revokes probation, it may impose on the defendant any sentence that might have been imposed originally for the crime of which the defendant was convicted.
>
>    . . . .
>
> (7)   The court may require a defendant to undergo and complete a substance abuse treatment program when the defendant has committed a violation of the terms and conditions of probation involving possession or use . . . of any dangerous drug, detrimental drug, harmful drug, intoxicating compound, [or] marijuana. . .  If the defendant fails to complete the substance abuse treatment program or the court determines that the defendant cannot benefit from any other suitable substance abuse treatment program, the defendant shall be subject to revocation of probation and incarceration.

We agree with Austin that HRS § 706-625(7) was applicable to the motion to revoke his probation.[5/]  It plainly was within the Circuit Court's discretion, pursuant to HRS § 706-625(7), to have required Austin to undergo and complete a substance abuse treatment program, rather than to send him back

_____

[5/]    In light of our conclusion herein that the Circuit Court did not abuse its discretion when it granted the motion to revoke, we need not consider the distinction, if any, between a review of the trial court's ruling on that motion on direct appeal and a review of an HRPP Rule 35(b) motion seeking a subsequent exercise of the trial court's discretion, as is the case here.

to prison. The Circuit Court was not, however, required by the statute in effect at the time of Austin's sentencing to do so.

In 2002, HRS § 706-625(7) was amended, *inter alia*, to require a court "not to revoke probation for the first violation of a nonviolent drug-related probation condition[.]" See Conf. Comm. Rep. No. 96, in 2002 House Journal, at 1796, 2002 Senate Journal, at 986. In 2004, HRS § 706-625(7) was again amended to restore the sentencing court's discretion in determining whether to divert such a probation violator to substance abuse treatment. See H. Stand. Comm. Rep. No. 495-04, in 2004 House Journal, at 1605. Prior to the 2004 amendment, the last sentence of HRS § 706-625(7) was stated in the conjunctive: "If the defendant fails to complete the substance abuse treatment program and the court determines that the defendant cannot benefit from any other suitable substance abuse treatment program, the defendant shall be subject to revocation of probation and incarceration." (Emphasis added.) After the 2004 amendment, the last sentence of HRS § 706-625(7) was stated in the disjunctive: "If the defendant fails to complete the substance abuse treatment program or the court determines that the defendant cannot benefit from any other suitable substance abuse treatment program, the defendant shall be subject to revocation of probation and incarceration." (Emphasis added.)

Here, it is undisputed that the first clause did not apply as Austin had not yet entered and failed to complete a treatment program. It appears from the record, however, that the Circuit Court properly exercised the discretion provided to it in the final clause of HRS § 706-625(7) by, in effect, determining that Austin "cannot benefit from any other suitable substance abuse treatment program." The Circuit Court, based on all of the information available, determined that "something like the HOPE program" was the "only way" that Austin might have a chance to comply with the terms of his probation. The record shows that

the court considered the appropriate factors, most especially Austin's long-term and recent history, as well as the nature of the offense and determined that, absent the intensive drug-testing, monitoring, and swift and sure sanctions of the HOPE program, Austin was likely to again violate the terms of his probation. Upon careful review, we cannot conclude that this determination constituted an abuse of discretion.

Accordingly, the Circuit Court's March 3, 2010 order denying Austin's motion for reduction of sentence is affirmed.

DATED: Honolulu, Hawai'i, March 6, 2013.

On the briefs:

Benjamin R.C. Ignacio
(Hawk Sing Ignacio &
  Waters)
for Defendant-Appellant

Brandon H. Ito
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge